UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Respondent

v.

Robert Lawrence,

        Petitioner.

**Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody**

**(28 U.S.C. § 2255)**

CASE NO. 92-CR-35 (NPM)

---

    Petitioner, Robert Lawrence, through the undersigned counsel, respectfully moves this Court, pursuant to 28 U.S.C. § 2255, to vacate his sentence pursuant to the Supreme Court's decisions in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and *Graham v. Florida*, 130 S. Ct. 2011 (2010), and to conduct a new sentencing hearing, and in support would show as follows:

    1.    On February 25, 1993, Lawrence was convicted following a jury trial on all four counts of the indictment in which he was charged. Count One charged Lawrence and others with conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. Count Six charged him with first degree murder, in violation of 18 U.S.C. §§ 1111, 1114, 2. Count Seven charged him with murdering a federal law enforcement officer in furtherance of a conspiracy to distribute cocaine, in violation of 21 U.S.C. § 848(e)(1)(B) and 18 U.S.C. § 2. And Count Eight charged Lawrence with use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c), 2. Importantly, Count One included in the section entitled "Manner and Methods" the underlying facts alleged in Counts Six, Seven, and Eight, specifically

that Lawrence and his co-defendants "acting together and aiding and abetting each other, did kill Wallie Howard, Jr., an Agent of the Central New York Drug Enforcement Task Force." *See* Indictment at 4, ¶ 11.

2.  Lawrence was 16 years old at the time he committed his offenses.

3.  Lawrence was sentenced on May 28, 1993 to life imprisonment without the possibility of parole. More specifically, the court sentenced Lawrence to life imprisonment on Counts One (drug conspiracy), Six (first degree murder), Seven (murder in furtherance of a drug conspiracy) to run concurrently, and a separate five-year sentence on Count Eight (use of a firearm in relation to a drug crime) to run consecutively to all other counts. Although the Presentence Report (PSR) scored an Adjusted Offense Level 32 for Count One, which, with a Criminal History Category I, would have resulted in a guideline range of 121 to 151 months' imprisonment, Lawrence's final guideline range was driven by his murder convictions on Counts Six and Seven, which increased his Total Offense Level to 43 and his guideline range to life imprisonment.

4.  Pursuant to governing law at the time of Lawrence's sentencing, the sentencing court was required by statute to impose a sentence of life imprisonment on Counts One, Six and Seven. This is because a conviction for first degree murder as charged in Count Six required the imposition of either a sentence of life imprisonment or death. Because the government did not pursue the death penalty, the sentencing court was statutorily required to impose a sentence of life. The sentencing court was also required to impose a sentence of life imprisonment on Counts One and Seven because although not required by the statute of conviction, 18 U.S.C. § 3553(b)(1) required a court to impose a sentence within the sentencing guidelines. As that range was fixed at life, the sentencing court was required to impose a sentence of life imprisonment on Counts One, Six, and Seven. Because

Congress had then recently abolished parole, Lawrence was effectively sentenced to life without the possibility of parole.

5. The district court's judgment was affirmed on direct appeal. *See United States v. Thomas*, 34 F.3d 44 (2d Cir. 1994).

6. Upon information and belief, Lawrence has not previously filed a motion pursuant to 28 U.S.C. § 2255.[1]

7. Lawrence is currently housed at Great Meadow Correctional Facility in Comstock, New York. He is serving a term of 30 years to life imprisonment following a conviction in state court for offenses related to those underlying the instant petition. His state parole eligibility date is October 28, 2020.

8. The Supreme Court recently held that juvenile offenders may not be given a sentence of life without parole unless the court gives the juvenile an opportunity to persuade the sentencing judge, based on individualized mitigating factors, of a sentence that includes a meaningful opportunity for release. *See Miller v. Alabama*, 132 S.Ct. 2455, 2474–75 (2012); *Graham v. Florida*, 130 S.Ct. 2011, 2030 (2010). As explained above, in the circumstances of this case, Lawrence's convictions on Counts One, Six, and Seven required the sentencing judge to impose a sentence of life without parole. *Cf. Graham*, 130 S.Ct. at 2018 (citing Fla. Stat. § 810.02(1)(b), (2)(a) (2003); *Miller*, 132 S. Ct. at 2463 (citing Ala. Code §§ 13A-5-40(9), 13A-6-2(c)). Lawrence's sentence was, therefore, imposed in a manner not permitted by the Eighth Amendment as explained in *Miller* and *Graham*. Counts Six and Seven, for which Lawrence received mandatory life sentences for

---

[1] Documents filed in the district court are currently held in storage. Counsel has requested access to these documents, but they have not yet been made available for review at the time of filing this petition.

homicide offenses, fall squarely within the holding of *Miller*.  Count 1, charging a cocaine conspiracy is controlled by both *Graham* and *Miller*.  While the statute of conviction charges a non-homicide offense, the indictment brings Lawrence's homicide within the offense charged in Count One.  Furthermore, as explained above, *supra* at ¶ 3, Lawrence's guidelines were controlled by his homicide offense.  Therefore, both his offense and conviction for conspiring to distribute cocaine contemplated and in fact incorporated the homicide offenses alleged in Counts Six and Seven.  Count Eight remains unaffected by *Graham* and *Miller* and, assuming the requested relief is granted on the remaining counts, would require a five-year sentence to run consecutively to the longest sentence imposed on the remaining counts of conviction.

  9. This Court lacks jurisdiction to entertain Lawrence's petition unless it determines that his motion contains a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *see* 28 U.S.C. § 2244(b)(4); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam) (stating that the criteria for authorization are jurisdictional).  Here, both *Miller* and *Graham* have been "made retroactive to cases on collateral review by the Supreme Court" by a two-step process that "necessarily dictate[s] retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001); *see also id.* at 668–69 (O'Connor, J., concurring) (describing that two-step process).  First, under *Teague v. Lane*, 489 U.S. 288 (1989), new categorical exclusion from certain forms of punishment apply retroactively to cases on collateral review. *See Penry v. Lynaugh*, 492 U.S. 302, 329–30 (1989), *overruled on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002).  Second, *Miller* and *Graham* involve a categorical exclusion from punishment because they forbid a sentencing judge from imposing a mandatory sentence of life without parole on juvenile offenders. *See Miller*, 132 S. Ct.

4

at 2469; *Graham*, 130 S. Ct. at 2030. Thus the Supreme Court has "made" *Miller* and *Graham* retroactive to cases on collateral review, because both cases involve the kind of rule that under *Teague* necessarily applies retroactively. *See Tyler*, 533 U.S. at 666. This Court, therefore, has jurisdiction to resentence Lawrence in a manner consistent with *Miller* and *Graham*. *See* 28 U.S.C. §§ 2244(b)(4), 2255(h)(2).

10. Because Lawrence's sentence was imposed in a manner inconsistent with *Miller* and *Graham*, the sentence imposed by the sentencing court is vulnerable to collateral attack. *See* 28 U.S.C. § 2255(b). Lawrence respectfully requests that this Court vacate the sentence and conduct a new sentencing hearing that allows him to present mitigating evidence in support of a sentence less than life without parole. *See id.*; *Miller*, 132 S. Ct. at 2468; *Graham*, 130 S.Ct. at 2030.

11. Lawrence further requests that this Court require the government to file an answer to this motion in the form prescribed by Rule 5 of the Rules Governing Section 2255 Cases, identifying all proceedings conducted in Lawrence's case, including any which have not been recorded or transcribed, and specifically admitting or denying the factual allegations set forth above.

12. Lawrence further requests that this Court permit him to file a reply in support of this motion in which he may address any affirmative defenses the government may raise in its answer.

13. Lawrence further requests that this Court promptly conduct a hearing on this motion as required by 28 U.S.C. § 2255(b).

14. Finally, Lawrence further requests that this Court grant any additional or alternative relief as may be just and proper.

DATED:    February 22, 2013
          Syracuse, New York

                                                       */s/*
                                                       Lisa A. Peebles
Federal Public Defender
Bar Roll No. 507041
4 Clinton Square, 3rd Floor
Syracuse, NY 13202
(315) 701-0080

Paul J. Evangalista, *co-counsel*
First Assistant Federal Public Defender
Bar Roll No. 507507
39 North Pearl Street
Albany, New York 12207

cc:   Robert Lawrence
      DIN 91B0903
      Great Meadow Correctional Facility
      11739 State Route 22
      P.O. Box 51
      Comstock, New York 12821-0051