UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,

   -v-                                                 5:92-CR-35

ROBERT LAWRENCE, also known as
Robert Julian, also known as "Bam Bam,"

           Petitioner–Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HON. RICHARD S. HARTUNIAN<br>United States Attorney for the<br>   Northern District of New York<br>100 South Clinton Street<br>P.O. Box 7198<br>Syracuse, NY  13261 | JOHN G. DUNCAN, ESQ.<br>Ass't United States Attorney |
| HON. LISA PEEBLES<br>Federal Public Defender for the<br>   Districts of Northern New York and Vermont<br>Attorney for Petitioner–Defendant<br>4 Clinton Square, 3d Floor<br>Syracuse, NY  13202<br>39 North Pearl Street, 5th Floor<br>Albany, NY  12207 | LISA A. PEEBLES, ESQ.<br>Federal Public Defender<br><br><br><br><br>PAUL J. EVANGELISTA, ESQ.<br>First Ass't Federal Public Defender |

DAVID N. HURD
United States District Judge

## O R D E R

Following a jury trial, petitioner Robert Lawrence ("petitioner" or "Lawrence") was convicted on February 25, 1993, of all four counts with which he was charged in an eight-count indictment.  Specifically, Lawrence was found guilty of conspiracy to possess with intent to distribute and to distribute cocaine ("Count 1"), first degree murder ("Count 6"), murdering a federal law enforcement officer in furtherance of a drug conspiracy ("Count 7"),

and use of a firearm in relation to a drug trafficking crime ("Count 8"). These charges stemmed from petitioner's involvement in a drug trafficking conspiracy and the October 30, 1990, murder of Agent Wallie Howard, Jr., a Syracuse Police Officer assigned to the DEA's Central New York Drug Enforcement Task Force. Lawrence was sixteen-years-old when he committed these crimes.

On May 28, 1993, Lawrence was sentenced by Hon. Neal P. McCurn, United States District Judge, to a term of imprisonment of life plus five years without the possibility of parole. Specifically, he was sentenced to concurrent life sentences on Counts 1, 6, and 7, and a term of five years on Count 8, to be served consecutively. Pursuant to the applicable law at the time of petitioner's sentencing, Judge McCurn was statutorily required to impose a sentence of life without the possibility of parole as a result of petitioner's conviction on Counts 1, 6, and 7.

On June 25, 2012, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller v. Alabama, __ U.S. __, 132 S. Ct. 2455, 2460 (2012). Although Miller does not prohibit a sentence of life without the possibility of parole for a juvenile offender, it mandates that a sentencing judge must be able to at least consider mitigating factors when determining whether such a punishment is appropriate. Id. at 2466.

The parties agree that the rule announced in Miller is substantive and retroactively applicable under the principles of Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 (1989). The Government concedes that the mandatory life sentences without the possibility of parole given to Lawrence on Counts 1, 6, and 7 violate the holding of Miller and agrees that a new

sentencing hearing on those counts is warranted.

Therefore, it is

ORDERED that

1. Defendant Robert Lawrence's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is (ECF No. 293) is GRANTED;

2. The probation department is directed to prepare and file an updated Presentence Investigation Report;

3. The parties shall file their respective sentencing memoranda, if any, on or before November 1, 2013;

4. Defendant shall be re-sentenced on Friday, November 15, 2013, at 11:00 a.m. in Utica, New York; and

5. The United States Attorney is hereby directed to submit and file the appropriate writ for the production of the defendant at sentencing on November 15, 2013.

IT IS SO ORDERED.

_____
United States District Judge

Dated: July 10, 2013
       Utica, New York.